UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| TED A. KLAUDT, a/k/a Ted Alvin Klaudt, <br><br> Petitioner, <br><br> vs. <br><br> MARTY J. JACKLEY, SOUTH DAKOTA ATTORNEY GENERAL; AND STATE OF SOUTH DAKOTA, <br><br> Respondents. | 3:15-CV-03012-KES <br><br> REPORT AND RECOMMENDATION |

Petitioner, Ted A. Klaudt, an inmate at the Mike Durfee State Prison, filed this most recent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 26, 2015. Although Mr. Klaudt titled his initial pleading "Motion for Declaratory Judgment" he seeks to challenge his 2008 state court rape convictions.

## **JURISDICTION**

Petitioner was convicted in Hughes County, South Dakota, and is currently in custody in South Dakota pursuant to a judgment of a South Dakota State Court. The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Standing Order dated October 16, 2014.

**DISCUSSION**

Mr. Klaudt has already filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in federal court challenging these same criminal convictions. See CIV. 10-4091. Judge Schreier dismissed Mr. Klaudt's prior habeas claim with prejudice, on the merits and denied a Certificate of Appealability. See Doc. 32 and 44 in that case. The Eighth Circuit likewise denied a Certificate of Appealability. See Doc. 47 in that case.

Mr. Klaudt filed his second federal petition in September 2013. See CIV. 13-1018. Judge Schreier dismissed the petition as successive and denied a Certificate of Appealability. See Doc. 8. The Eighth Circuit also denied a Certificate of Appealability. See Doc. 25.

Mr. Klaudt filed the instant petition – his third – on June 26, 2015.

28 U.S.C. § 2244 provides in relevant part:

> **§ 2244. Finality of Determination**
>
> (a)     No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> (b) (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
>     (2) A claim presented in a second or successive habeas corpus action under section 2254 that was not presented in a prior application shall be dismissed unless–

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. . . .

In this case, there is no showing that Mr. Klaudt has received permission from the Eighth Circuit Court of Appeals to file a second or subsequent writ of habeas corpus as is required by 28 U.S.C. § 2244(b)(3)(A). As a result, this court is without jurisdiction to consider his request for relief. Williams v. Hopkins, 130 F.3d 333, 335-36 (8th Cir. 1977); Garrett v. Groose, 99 F.3d 283, 285-86 (8th Cir. 1996). Because this is a successive petition, it should be dismissed.

Mr. Klaudt has failed to make a "substantial showing of the denial of a constitutional right." A certificate of appealability should not be issued in this case. 28 U.S.C. § 2253(c)(2). Although 28 U.S.C. § 2253(c)(2) has been found to be "only a modest standard," Mr. Klaudt has not shown that "the issues are debatable among jurists of reason; that a court could resolve the issues [in a

3

different manner]; or that the questions are adequate to deserve encouragement or to proceed further.'" Randolph v. Kemna, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (citations omitted).

## CONCLUSION and RECOMMENDATION

For the reasons explained above, it is respectfully RECOMMENDED to the District Court:

(1) Mr. Klaudt's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as successive; and

(2) No Certificate of Appealability should issue.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 29th day of June, 2015.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge