UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| TED A. KLAUDT, a/k/a Ted Alvin Klaudt,<br><br>      Petitioner,<br><br>vs.<br><br>MARTY J. JACKLEY, South Dakota Attorney General, and<br>STATE OF SOUTH DAKOTA,<br><br>      Respondents. | 3:15-CV-03012-KES<br><br>MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION, DENYING MOTION FOR ADDITION BRIEFING, AND DENYING SUMMARY JUDGMENT |

  Petitioner, Ted A. Klaudt, an inmate at the Mike Durfee State Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 26, 2015. Although Klaudt titled his initial pleading "Motion for Declaratory Judgment," he seeks to challenge his state court conviction.

## FACTUAL BACKGROUND

  In July 2010, Klaudt filed a Petition for Writ of Habeas Corpus in federal court challenging his state conviction. *See* CIV. 10-4091. This court dismissed his claim with prejudice on the merits and denied a Certificate of Appealability. *Id.* at Docket 32; Docket 44. The Eighth Circuit likewise denied a Certificate of Appealability. *Id.* at Docket 47.

  Klaudt filed his second petition for habeas in September 2013. *See* CIV. 13-1018. This court dismissed it as successive and denied a Certificate of

Appealability. *Id.* at Docket 8. The Eighth Circuit also denied a Certificate of Appealability. *Id.* at Docket 25.

Klaudt filed the instant petition – his third – on June 26, 2015. Docket 1. The matter was referred to Magistrate Judge Veronica L. Duffy pursuant to 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014 standing order. Magistrate Judge Duffy recommends that the petition be dismissed because Klaudt did not receive permission from the Eighth Circuit Court of Appeals to file a second or subsequent writ of habeas corpus as required by 28 U.S.C. § 2244(b)(3)(A). Docket 4. Magistrate Judge Duffy also recommends that a Certificate of Appealability be denied. *Id.*

Klaudt timely objected to this recommendation. Docket 8. In his objections, Klaudt argues that Magistrate Judge Duffy did not have jurisdiction over his case, that he has not filed successive petitions, and that he made a showing of the denial of his constitutional rights. *Id.* at 1-3.

On July 7, 2015, Klaudt filed a "motion for additional briefing, request for admissions, set scheduling and appoint standby counsel." Docket 6. On October 8, 2015, Klaudt moved for summary judgment. Docket 16. He argues that summary judgment should be granted in his favor because respondents have not opposed his petition. *Id.* For the following reasons, Klaudt's motions are denied, Magistrate Judge Duffy's recommendation is adopted, and Klaudt's petition is dismissed.

## LEGAL STANDARD

Review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Under 28 U.S.C. § 636(b)(1), the court reviews de novo any objections that are timely made and specific. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to").

Pro se filings must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Even with this construction, "a pro se [filing] must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013).

## DISCUSSION

Klaudt objects to Magistrate Judge Duffy's report and recommendation, arguing that the court did not have jurisdiction over his petition. He also argues that Magistrate Judge Duffy's conclusions are incorrect.

### I. Magistrate Judge Duffy Had Jurisdiction Over Klaudt

Klaudt first argues that Magistrate Judge Duffy did not have jurisdiction because this court's standing order was issued before he filed his petition. Docket 8 at 1. This order, however, referred certain types of cases to Magistrate Judge Duffy upon filing. It was not directed specifically to Klaudt's petition and is a proper order of referral.

Klaudt next objects to Magistrate Judge Duffy's jurisdiction because he expatriated himself from the United States. *Id.* at 1-2. This objection is legally nonsensical and invalid. Magistrate Judge Duffy had jurisdiction pursuant to 28 U.S.C. § 636(b)(1)(B) and this court's standing order to issue a report and recommendation. Therefore, Klaudt's objections are overruled.

## II. Klaudt's Petition Is a Successive Petition

Klaudt objects to Magistrate Judge Duffy's recommendation that his petition should be dismissed as a third successive petition that was filed without permission from the Eighth Circuit Court of Appeals. Docket 8 at 2. He argues that the court's interpretation of his filings as petitions for writ of habeas corpus is an invalid interpretation. *Id.* The court has reviewed his petitions and finds that they were properly construed to be petitions for a writ of habeas corpus.

Klaudt titled his 2010 petition a "Petition to Vacate, Set Aside or Reverse Judgment of Conviction." CIV. 10-4091 Docket 1. This document sought to challenge Klaudt's conviction and was properly interpreted as a petition for writ of habeas corpus.

Klaudt titled his 2013 petition a "Motion to Vacate Opinion." CIV. 13-1018 Docket 1-1. In this motion, he challenged his conviction. *Id.* Klaudt's motion was properly construed to be a petition for writ of habeas corpus.

In his present case, Klaudt titles his petition a motion for declaratory judgment. Docket 1. The document challenges Klaudt's state court conviction,

4

even using the language of habeas petitions such as exhaustion of state remedies. *Id.* at 1. Despite the title, Klaudt's motion is a petition for writ of habeas corpus. He has not shown that he was granted leave from the Eighth Circuit Court of Appeals to file this petition. Therefore, Magistrate Judge Duffy's recommendation that Klaudt's petition be dismissed as successive is adopted.

### III. Klaudt Fails To Show a Denial of His Constitutional Rights

Klaudt objects to Magistrate Judge Duffy's recommendation that a Certificate of Appealablity be denied because he has failed to show a denial of his constitutional rights. *Id.* at 3. Klaudt argues that his petition raises two constitutional claims. *Id.* These claims are irrelevant. Klaudt has no constitutional right to file a second, or third, successive petition without permission from the court of appeals. Therefore, the dismissal of his petition does not represent a denial of his constitutional rights, despite the claims he raises in his petition.

### IV. Klaudt's Motions Are Denied

Klaudt moves for additional briefing, among other things, and summary judgment. Docket 6; Docket 16. In his summary judgement motion, Klaudt argues that respondents' failure to answer his petition should result in summary judgment in his favor. Docket 16. Respondents have not been ordered to respond, however, because Klaudt's petition is dismissed as a

successive petition. Because Klaudt offers no sound legal basis for either motion, both are denied. Accordingly, it is ORDERED

1. Klaudt's motion for additional briefing, request for admissions, set scheduling and appoint standby counsel (Docket 6) is denied.
2. Klaudt's motion for summary judgment (Docket 16) is denied.
3. Magistrate Judge Duffy's report and recommendation (Docket 4) is adopted.
4. Klaudt's petition is dismissed.
5. A Certificate of Appealability is denied.

Dated November 24, 2015.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE